# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TEDRIC L. FREMONT, | ) |
| Plaintiff, | ) |
| vs. | ) CIV. A. NO. 25-0044-JB-MU |
| NAPHCARE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Tedric L. Fremont's Request for Equitable Tolling. (Doc. 9). To the extent Plaintiff requests that the statute of limitations for his 2016 claim be equitably tolled, for the reasons explained below, his request is **DENIED**. If Plaintiff seeks to add additional claims to this action, he is **ORDERED** to file an amended complaint by **June 6, 2025**.

## I. Procedural History & Background

Plaintiff filed the instant action on June 13, 2024,[1] attempting to reopen or litigate a previously filed civil suit challenging the same 2016 incident, relying on the same set of facts and proceeding against the same doctor. (*See* Docs. 1, 2, 4; *see also* 20-cv-00223-JB-N, S.D. Ala.). Because Plaintiff's previous action was dismissed without prejudice and closed in 2021, the Court denied Plaintiff's motion to reopen (Doc. 4) but

---

[1] Plaintiff signed his complaint on June 13, 2024, though it was not received and docketed by the Court until February 3, 2025. (*See* Doc. 1). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

allowed him to file his complaint as a new civil action and provided him the opportunity to clarify his claims to state an actionable claim, if possible. (Doc. 5). The Court instructed Plaintiff that to file a civil suit in federal court, he must pay the required filing fee or file a motion to proceed without prepayment of fees. (*Id*.). Plaintiff filed a proper motion to proceed without prepayment of fees, and the Court granted him permission to proceed without prepaying the filing fee, but explained that he would be required to pay the full $350 filing fee over time. (Docs. 7, 8). The Court ordered Plaintiff to pay a partial filing fee of $3.86 before the action would proceed (Doc. 8), and Plaintiff has complied (*see* Doc. 10).

The Court previously cautioned Plaintiff that his claims appeared to be time barred based on Alabama's two-year statute of limitations period, as he challenges actions related to a 2016 incident, yet this action was not filed until 2024 - eight years later. The Court warned Plaintiff that if his claims were found to be time barred, his claim would be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and would count as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See id*. In response, Plaintiff filed a Request for Equitable Tolling of the statute of limitations period so that his claims may be heard. (Doc. 9).

## II. <u>Analysis</u>

Plaintiff's Request for Equitable Tolling is unclear and difficult to understand. Although no facts are provided, Plaintiff appears to allege that he is "still [being] harassed" by Dr. Fredricks and Naphcare. (Doc. 9, PageID. 45). Plaintiff alleges that after his prison sentence ended, he "filed immediately and called F.B.I./I.N.I./S.B.I./ and exclaimed to the best of [his] ability what [had happened]" (*Id*., PageID. 49), though no

explanation of what transpired thereafter is provided. He describes being hospitalized for injuries that occurred due to excessive force used against him during an arrest (*Id*., PageID. 50), but no dates, names of officers, or specific facts are provided. Plaintiff also describes being repeatedly stopped and harassed by officers without being arrested, including four traffic stops in a week; two to three stops while walking; grabbing him through a window while driving; he also alleges that officers have previously tampered with a drug urinalysis and his employment (*Id*., PageID. 53-55), but no dates, names of officers, or specific facts are provided. He further asserts blanket claims that now that he is back in jail, he "keep[s] getting creepy visits that do nothing but make waste of time" and he continues to hear Dr. Fredricks name called. He also sets forth general conditions of confinement claims, namely officer wrong doings, including drug use, bribery, false arrests, and deaths of inmates – 25 in the last 2 years. (*Id*., PageID. 51-54). Plaintiff claims he has been "marred in every way after filing pro-se on Dr. Fredricks and Naphcare." (*Id*., PageID. 55). He asserts "[t]hese incidents and occurrences should cast light and give credence to this Equitable Tolling especially due to so many site of corruption within such a small town police department." (*Id*., PageID.53).

      As previously explained to Plaintiff, his § 1983 action is subject to Alabama's two-year statute of limitations period. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *see also* Ala. Code § 6-2-38. The statutory limitations period begins to run at the time he suffered the injury that forms the basis of his complaint and when he knows who inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Here, that is when he was "illegally medicated" in 2016.

To have his claim equitably tolled, Plaintiff must show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' as to the filing of his action." *Weaver v. Firestone*, 155 So. 3d 952, 957 (Ala. 2013) (citation omitted). Whether tolling should apply is a fact-specific inquiry, and "consideration must be given as to whether principles of equity would make the rigid application of a limitation period unfair." *Id.* at 958 (citations, internal quotation and brackets omitted). "[T]he threshold necessary to trigger equitable tolling is very high," and allowed "in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence." *Ward v. State*, 46 So. 3d 888, 897 (Ala. 2007) (citation omitted). For instance, equitable tolling has been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.... late filings [are generally not allowed] where the claimant failed to exercise due diligence in preserving his legal rights." *Weaver*, 155 So. 3d at 958 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (footnotes omitted)).

Here, Plaintiff has failed to establish that he has been diligently pursuing his rights. Instead, the record reflects that he filed this same claim in April 2020, and it was dismissed on May 24, 2021. Plaintiff has provided no explanation for why it took another three years for him to refile the same claim. And he has provided no facts to suggest he was hindered in any way from bringing this claim sooner. Nor do any of his "new" allegations establish conditions beyond his control that led to such a delinquent filing of his claim. Instead, Plaintiff seems to suggest that his claim is bolstered due to

allegations of police department misconduct and corruption. This is simply not the standard. Accordingly, Plaintiff has failed to carry his burden of establishing that extraordinary circumstances, beyond his control, existed that kept him from filing his claim that Dr. Fredricks illegally medicated him in 2016 earlier than June of 2024.

### III. Opportunity to Amend

Because Plaintiff has asserted other claims in the instant case that possibly relate to excessive force used against him, conditions of his confinement, harassment, and arrest claims, he will be allowed a final chance to amend his complaint. Plaintiff is instructed to only include claims that occurred on or after June 13, 2022. These are the dates within the statutory limitations period. If Plaintiff files a claim based on actions (or inaction) that occurred before June 13, 2022, and cannot establish a legally valid reason for tolling the statute of limitations period, that claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The amended complaint must be on the Court's § 1983 form and must be filed on or before **June 6, 2025**.

### IV. Conclusion

1. Plaintiff has not shown that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from timely filing this action. Therefore, his request for equitable tolling (Doc. 9) is **DENIED**.

2. Plaintiff has until **June 6, 2025, to amend his complaint** to add claims within the statutory period. The Clerk is **DIRECTED** to send Plaintiff a copy of this Court's § 1983 prisoner complaint form.

5

3. After the passing of the June 6, 2025 deadline, the undersigned Magistrate Judge will review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), which states that the Court should dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If Plaintiff's action is not dismissed on one of these grounds after it is screened, the Court will serve the complaint. However, if during the screening process, this action is dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal <u>will be</u> considered when Plaintiff files a future action in determining whether to dismiss that future action for Plaintiff having previously filed three or more actions that were dismissed on these grounds. 28 U.S.C. § 1915(g). Plaintiff will also be required to pay the remainder of the $350.00 filing fee. While Plaintiff is a prisoner, the payment of the remainder of the $350.00 filing fee shall be made in accordance with 28 U.S.C. § 1915(b)(2).

4. If Plaintiff is transferred or released, he **must** give notice to the Court immediately of his change in address. If Plaintiff does not provide this notice, his action may be dismissed for failure to prosecute and to comply with the Court's order.

**DONE** and **ORDERED** this **6th** day of **May, 2025.**

<u>/s/ P. BRADLEY MURRAY</u>
UNITED STATES MAGISTRATE JUDGE